IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES EVERETT, #341-480 | * | |
| v. | * | CIVIL ACTION NO. RDB-09-2095 |
| WARDEN,<br>    Defendant | * | |

******

## MEMORANDUM OPINION

On August 5, 2009, the Court received correspondence from James Everett, an inmate then housed at the Eastern Correctional Institution ("ECI"), which was construed as a complaint filed pursuant to 42 U.S.C. § 1983. Paper No. 1. Plaintiff stated that he was in fear for his safety due to threats made toward him by correctional employees and inmates at ECI. He also alleged that he was required to be housed on a medical tier but correctional employees had violated this order. He sought injunctive relief. For reasons to follow, injunctive relief shall be denied and the case shall be dismissed without hearing.

## HISTORY OF THE CASE

On August 13, 2009, the Office of the Maryland Attorney General ("OAG") was ordered to respond to the complaint. Paper No. 3. That response was received on September 2, 2009. Paper No. 6. On September 9, 2009, the Court entered an Order construing the response as a motion for summary judgment and directing the Clerk issue a notice pursuant to *Roseboro v. Garrison,* 528 F.2d 209, (4th Cir. 1975). Paper No. 8. On September 29, 2009, the Court received Plaintiff's response.[1] Paper No. 10.

---

[1] Also pending is Plaintiff's Motion for Appointment of Counsel. Paper No. 4. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975);

**ARGUMENT**

Defendant states that Plaintiff is currently housed at the Maryland Correctional Institution-Hagerstown on the general population tier.  Defendant further avers that Plaintiff has no documented enemies and no medical order requiring him to be placed on a medical tier.  Paper No. 6, Ex. 1.

**ANALYSIS**

Plaintiff seeks injunctive relief.   As a preliminary injunction temporarily affords an extraordinary remedy prior to trial than the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *See Winter v. Natural Resources Defense Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 374-376 (2008).    The previous Fourth Circuit balance-of-hardship test set out in *Blackwelder  Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997) is no longer to be applied when granting or denying preliminary injunctions, as the standard articulated in *Winter* governs the issuance of such emergency relief.  *See Real Truth About Obama, Inc. v. Federal Election Com'n,* 575 F. 3d 342 (4th Cir. 2009).

---

*see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). The Court finds from its review that Plaintiff  is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty and the Complaint is not of undue complexity.  Therefore, in the exercise of its discretion, the Court shall deny Plaintiff's request for appointment of counsel.

The uncontroverted affidavit filed by Defendant demonstrates that Plaintiff is no longer housed at ECI.  Inasmuch as Plaintiff has been transferred from ECI to MCI-H, his requests concerning his housing at ECI and threats to his safety at ECI are rendered moot.  *See Williams v. Griffin*, 952 F.2d 820 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451 (4th Cir. 1987); *Taylor v. Rogers*, 781 F.2d 1047 (4th Cir. 1986).  Consequently, injunctive relief shall be denied and the complaint shall be dismissed by separate Order.[2]

Date:   October 26, 2009                              /s/_____
                                                      RICHARD D. BENNETT
                                                      UNITED STATES DISTRICT JUDGE

---

[2] If Plaintiff believes that his safety is at risk at MCI-H is may file a new civil rights Complaint naming specific individuals and identifying how each named person has violated his constitutional rights. Additionally, if Plaintiff believes he suffered constitutional harm while housed at ECI which is compensable he may file a new civil rights complaint stating the names of those he wishes to sue, how each named individual violated his rights, and demonstrate his efforts to exhaust administrative remedies.    The Clerk shall be directed to provide him with a civil rights packet.